UNITED STATES of America

v.

**Gary HOCH, Defendant.**

**No. 93–CR–204A.**

United States District Court,
W.D. New York.

Nov. 11, 1993.

Patrick H. Nemoyer, U.S. Atty., Buffalo, NY, for Government; James P. Kennedy, Asst. U.S. Atty., of counsel.

David P. Todaro, Buffalo, NY, for defendant.

## ORDER

ARCARA, District Judge.

This case was referred to Magistrate Judge Carol E. Heckman, pursuant to 28 U.S.C. § 636(b)(1), on August 3, 1993. On September 17, 1993, defendant filed a motion to dismiss the indictment under Rule 12. On October 14, 1993, Magistrate Judge Heckman filed a Report and Recommendation recommending that defendant's motion be denied.

This Court, having carefully reviewed Magistrate Judge Heckman's Report and Recommendation, as well as the pleadings and materials submitted by the parties; and no objections having been timely filed, it is hereby

ORDERED, that pursuant to 28 U.S.C. § 636(b)(1), and for the reasons set forth in Magistrate Judge Heckman's Report and Recommendation, defendant's motion to dismiss the indictment is denied.

IT IS SO ORDERED.

## REPORT AND RECOMMENDATION

HECKMAN, United States Magistrate Judge.

The defendant has been charged with conspiracy to possess 20 lbs. of marijuana with intent to distribute in violation of 21 U.S.C. § 846, possession with intent to distribute in violation of 21 U.S.C. § 841(a)(1), and using a

firearm in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c).

The defendant has moved to dismiss the indictment under Rule 12 on two grounds: (1) the extent of the government involvement in the crimes alleged was so overreaching as to bar prosecution of the defendant as a matter of due process; and (2) Count III must be dismissed because 18 U.S.C. § 924(c) is constitutionally defective for vagueness.

Oral argument was heard on October 6, 1993. For the reasons set forth below, it is recommended that defendant's motion be denied.

## *BACKGROUND*

Defendants Coogan, Gugino, Scinta and Hoch were arrested on July 19, 1993 after the purchase of 20 lbs. of marijuana from Special Agent George Gast of the Federal Bureau of Investigation. As alleged in the affidavit in support of the criminal complaint in this case, Special Agent Gast has been working in an undercover capacity and had been in contact with defendant Gugino since the Spring of 1993. Gugino had expressed his interest in purchasing marijuana from Special Agent Gast. Initially, Gugino agreed to purchase 10 lbs. of marijuana from Special Agent Gast.

On July 18, 1993, Special Agent Gast called Gugino and the two agreed to meet at Max Hart's Diner in Amherst, New York on July 19, 1993 in order to complete the transaction. The following day, on July 19, 1993, agents of the FBI as well as other police officers established surveillance in the vicinity of Max Hart's Diner in Amherst, New York. Special Agent Gast arrived at approximately 4:30 p.m. Thereafter, Gugino, Coogan and Scinta approached Gast's vehicle and had a discussion with Special Agent Gast. During the discussion, Special Agent Gast learned that the three did not have the money to purchase the marijuana. According to the three, their "money guy" was nervous and they discussed changing the location of the transaction.

Special Agent Gast agreed with Gugino, Coogan and Scinta to proceed to the parking lot of the Marriott Hotel located at the corner of Millersport Highway and Flint Drive in Amherst, New York. Special Agent Gast was told that their "money guy" would arrive at the Marriott in a red van. Thereafter, Gugino, Coogan and Scinta, along with Special Agent Gast, went to the parking lot of the Marriott Hotel. Eventually, a red van driven by defendant Hoch appeared at the Marriott Hotel. Defendant Gugino told Special Agent Gast that the "money guy" wanted to see the stuff to be sure it was good. Thereafter, Special Agent Gast, carrying a bag containing 20 lbs. of marijuana, entered the van driven by Hoch. Inside the vehicle, defendants Gugino, Coogan and Scinta, along with Hoch, discussed the price of the purchase.[1] They agreed that Special Agent Gast was to receive $5,000 for 10 lbs. of the marijuana and the other 10 lbs. would be "fronted" to Gugino with an additional $6,000 to be paid to Special Agent Gast by Saturday, July 24, 1993. Special Agent Gast gleaned from the discussions that Gugino had told Coogan and Scinta that the marijuana would cost $6,000, and that Scinta and Coogan had told Hoch that the marijuana would cost $7,000. After inspecting the marijuana, defendant Hoch handed Special Agent Gast $7,000 in cash. Inside of Hoch's van, Special Agent Gast also observed an electronic scale.

Thereafter, Special Agent Gast left the van and arrested Gugino, Coogan, Scinta and Hoch. As part of a search incident to arrest, the law enforcement agents recovered a .22 caliber revolver from defendant Hoch's pocket.

## *DISCUSSION*

Following indictment, defendants Coogan, Scinta and Gugino entered pleas of guilty, and Hoch is the only defendant who has filed a pretrial motion.

■ In support of his motion, Hoch submitted an affidavit from his attorney, who alleges that Special Agent Gast initially con-

---

**1.** The initial agreement was to purchase 10 lbs. of marijuana. However, Special Agent Gast ap-

parently increased the quantity to 20 lbs.

tacted Gugino to offer to sell him marijuana. He also alleges that Special Agent Gast maintained frequent and continuous contact with Gugino from the Spring of 1993 up through July 19, 1993, thereby providing the "impetus to keep the enterprise going until that point until July 19, 1993 when a sale of a large quantity of marijuana from Gast to Gugino and the other defendants was consummated." Defendant also alleges, and the government does not dispute, that the 20 lbs. of marijuana sold by Gast to the defendants was supplied by the government, and that the price which the FBI quoted for the marijuana was well below market price. He also alleges that the initial agreement was for the sale of 10 lbs. of marijuana, but that Gast offered to "front" an additional 10 lbs. of marijuana without advance payment as an additional inducement to the defendants to attract them into the criminal enterprise. Defense counsel alleges that Hoch is a user of marijuana but has had no prior involvement with the criminal justice system and would not now be involved but for the enterprise initiated by the government. Defense counsel also states that the defendant was legally licensed to carry the .22 caliber revolver referred to in Count 3 in the indictment, and that the pistol was not brandished or otherwise actively used during the events of July 19, 1993 and that no one other than the defendant knew of its existence until he was searched.

The defendant's two arguments against the indictment will be discussed in turn below.

## I. DISMISSAL OF THE INDICTMENT ON DUE PROCESS GROUNDS

■ The Second Circuit recognizes a due process defense to prosecution "if the government violates a protected right of the defendant" and "if the government's conduct 'reach[ed] a demonstrable level of outrageousness.'" *United States v. Cuervelo,* 949 F.2d 559, 565 (2d Cir.1991) (quoting *Hampton v. United States,* 425 U.S. 484, 495 n. 7, 96 S.Ct. 1646, 1653 n. 7, 48 L.Ed.2d 113 (1976) (Powell, J., concurring)). What constitutes "a demonstrable level of outrageousness" cannot be identified with any precision, but "the due process claim, in the rare in-

stances when successful, has prevailed to restrain law enforcement activities that involve coercion ..., or outrageous violation of physical integrity ...," *United States v. Meyers,* 692 F.2d 823, 837 (2d Cir.1982), *cert. denied,* 461 U.S. 961, 103 S.Ct. 2437, 77 L.Ed.2d 1322 (1983) (citations omitted), or psychological integrity. *United States v. Cuervelo, supra,* 949 F.2d at 565; *United States v. Chin,* 934 F.2d 393, 399 n. 4 (2d Cir.1991).

In this case, defense counsel argues that the government's involvement in initiating the sale, the government's providing of drugs, the government's willingness to accept a price for the marijuana below market, and the government's agreement to provide half the marijuana on credit amounts to a level of outrageousness which would violate due process. In support of his position, defense counsel cites *United States v. Twigg,* 588 F.2d 373 (3d Cir.1978), in which the government supplied 20% of the chemicals free of charge and *United States v. Batres–Santolino,* 521 F.Supp. 744 (N.D.Ca.1981), in which the defendant lacked prior involvement in criminal activity.

I have reviewed these cases and do not find that they support a finding of outrageousness in this case. The government's conduct involving Special Agent Gast's undercover activities cannot be characterized as outrageous. Significantly, there was no psychological or physical coercion of the defendant. Indeed, Special Agent Gast never even spoke with the defendant prior to the time that defendant gave him $7,000 for the narcotics.

Moreover, as defense counsel concedes, an entrapment defense is not available to this defendant. *United States v. Pilarinos,* 864 F.2d 253, 256 (2d Cir.1988). That case states as follows:

[W]here a government agent "induces a middleman to commit a crime, and the middleman, responding to pressure upon him, takes it upon himself to induce another person to participate in a crime," the latter person is not entitled to a derivative entrapment charge.

*Id.* (citations omitted).

Furthermore, I find that the defense counsel has not raised any factual issue regarding

the events leading up to the arrest to justify an evidentiary hearing. The caselaw is well established that in order to place issues in dispute requiring a hearing, defendant must submit an affidavit based on first-hand knowledge which specifically challenges the government's version of the facts. Here, this has not been done. Furthermore, the court has analyzed the motion assuming that the allegations in defense counsel's affidavit are true. Nevertheless, it has no merit.

## II. THE CONSTITUTIONALITY OF 18 U.S.C. § 924(c)

■ Defendant's second contention is that 18 U.S.C. § 924(c) is unconstitutionally vague. This is apparently a question of first impression.

The defendant's contention must be rejected. Section 924(c)(1) provides in pertinent part as follows:

> Whoever, during and in relation to any ... drug trafficking crime ... for which he may be prosecuted in a court of the United States, uses or carries a firearm, shall, in addition to the punishment provided for such ... drug trafficking crime, be sentenced to imprisonment for five years....

Here, defendant argues that the statute is constitutionally defective because the "during and in relation to" standard does not give a person of ordinary intelligence fair notice that merely having a legal small caliber pistol on his person during the purchase of a quantity of controlled substance without any intention to use it is considered to be "in relation to" and therefore illegal. Defendant does not cite any legal authority of his position.

Even assuming, as defendant alleges, that he legally possessed the firearm, he had it in his possession at the time of the drug trafficking crime, and he is therefore properly charged under 18 U.S.C. § 924(c). *United States v. Meggett*, 875 F.2d 24 (2d Cir.), *cert. denied*, 493 U.S. 858, 110 S.Ct. 166, 107 L.Ed.2d 123 (1989). This is true even though it was not shown or brandished during the offense.

The argument that the statute is void for vagueness is without merit. "Void for vague-

ness simply means that criminal responsibility should not attach where one could not reasonably understand that his contemplated conduct is proscribed." *United States v. National Dairy Corp.*, 372 U.S. 29, 32–33, 83 S.Ct. 594, 598, 9 L.Ed.2d 561 (1962). In reading the language of § 924(c), one could reasonably understand that it prohibits "us[ing] or carry[ing]" of a firearm "during and in relation to any ... drug trafficking crime." *See United States v. Udofot*, 711 F.2d 831, 840 (8th Cir.), *cert. denied*, 464 U.S. 896, 104 S.Ct. 245, 78 L.Ed.2d 234 (1983) (rejecting defendant's contention that 18 U.S.C. § 922(e) is unconstitutionally vague). As the Second Circuit has observed, the term "carry" set forth in § 924(c)(1) means that the gun is within reach during the commission of a drug offense. *United States v. Feliz–Cordero*, 859 F.2d 250, 253 (2d Cir. 1988). The court went on to state as follows:

> [S]ection 924(c) requires more than mere possession of a firearm. Rather, there must be some relation or connection between the firearm and the underlying crime. The necessary relation or connection between possession of a firearm and the underlying crime is established "if from the circumstances or otherwise it could be found that the defendant *intended to use the gun* if a contingency arose or to make his escape."

*Id.* at 254 (emphasis supplied) (citation omitted). Here, the 1984 amendments to § 924(c) make it explicit that conduct which is proscribed by the statute. Plain reading of the statute makes this clear. Accordingly, defendant's contention that the statute is unconstitutional has no merit.

### CONCLUSION

For the foregoing reasons, it is recommended that defendant's motion to dismiss the indictment be denied.

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

**ORDERED**, that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the

Clerk of this Court within ten (10) days after receipt of a copy of this Report and Recommendation in accordance with the above statute, Fed.R.Civ.P. 72(b) and Local Rule 30(a)(3).

The district court will ordinarily refuse to consider on *de novo* review arguments, case law and/or evidentiary material which could have been, but was not, presented to the magistrate judge in the first instance. *See, e.g., Patterson–Leitch Co., Inc. v. Massachusetts Municipal Wholesale Electric Co.,* 840 F.2d 985 (1st Cir.1988).

*Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.* Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Wesolek, et al. v. Canadair Ltd., et al.,* 838 F.2d 55 (2d Cir.1988).

The parties are reminded that, pursuant to Rule 30(a)(3) of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." *Failure to comply with the provisions of Rule 30(a)(3), or with the similar provisions of Rule 30(a)(2) (concerning objections to a Magistrate Judge's Decision and Order), may result in the District Court's refusal to consider the objection.*

Let the Clerk send a copy of this Order and a copy of the Report and Recommendation to the attorneys for the government and the defendant.

**SO ORDERED.**

DATED: Buffalo, New York
October 14, 1993